People v O'Leary (2018 NY Slip Op 06300)





People v O'Leary


2018 NY Slip Op 06300


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

109314

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JACOB O'LEARY, Appellant.

Calendar Date: August 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Dominic J. Cornelius, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Krista Kline of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered January 13, 2017, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of assault in the first degree. In full satisfaction of both the superior court information and other pending charges, defendant pleaded guilty to assault in the second degree with no sentencing commitment from County Court. County Court thereafter imposed a prison term of four years to be followed by three years of postrelease supervision. This appeal ensued.
We affirm. Although defendant retained the right to challenge the sentence imposed upon appeal, "[a] sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Miller, 160 AD3d 1040, 1044 [2018] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Aug. 2, 2018]; see People v Crippen, 156 AD3d 946, 952 [2017]). Defendant was convicted of a class D violent felony for which he could have received a prison term of seven years (see Penal Law §§ 70.02 [3] [c]; 120.05 [2]). Despite defendant's expressed remorse at sentencing, given his criminal history and the extent of the victim's injuries, we discern no basis upon which to disturb the sentence imposed (see generally People v Tetreault, 131 AD3d 1327, 1328 [2015]; People v Jarvis, 115 AD3d 1121, 1121 [2014], lv denied 23 NY3d 1038 [2014]). Defendant's remaining contentions have been examined and found to be lacking in merit.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.